UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Sitha Ngeth

    v.                                Civil No. 12-cv-349-JL

Dorothy E. Herrera-Niles, et al.

**SUMMARY ORDER AND ORDER OF TRANSFER UNDER 28 U.S.C. § 1631**

    Sitha Ngeth, a Cambodian national currently being held at the Strafford County House of Corrections by United States Immigration and Customs Enforcement ("ICE"), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Ngeth, asserting that he is under threat of imminent deportation by ICE, has also filed an emergency motion for stay of removal. Because Ngeth's petition and motion challenge an order of removal entered against him, this court lacks jurisdiction to entertain them. 8 U.S.C. §§ 1252(a)(5), 1252(g). Rather than dismiss the action, however, the court transfers it to the United States Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1631.

    Ngeth alleges that after his conviction for assault and battery in 1996, ICE (then known as the United States Immigration and Naturalization Service, or "INS") instituted removal proceedings against him. In 2000, an immigration judge found Ngeth removable, but granted him deferral of removal under the Convention Against Torture and Other Cruel, Inhuman, or Degrading

Treatment or Punishment, art. 3, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85.  See 8 C.F.R. § 208.17 (1999).  On appeal, the Board of Immigration Appeals ("BIA") affirmed the immigration judge's order insofar as it found Ngeth removable, but reversed the immigration judge's deferral of removal.  Ngeth alleges that although he was in INS custody at the time the BIA rendered its decision, he received neither the BIA's decision nor notice of his right to appeal that decision to the Court of Appeals.  This, he says, denied him due process in violation of the Fifth Amendment to the United States Constitution.  Ngeth further alleges that rather than deporting him immediately, INS/ICE released him from detention in 2001 and placed him under an order of supervision.  Only a month ago--eleven years after releasing him--ICE again detained him pursuant to that removal order, and, Ngeth alleges, will likely deport him either today or tomorrow.

   The so-called REAL ID Act of 2005 severely limited district court jurisdiction over challenges to removal orders.  In pertinent part, the Act provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."  8 U.S.C. § 1252(a)(5).  It further mandates that,

> [e]xcept as otherwise provided in this section and
> notwithstanding any other provision of law (statutory
> or nonstatutory), including section 2241 of Title 28
> . . . no court shall have jurisdiction to hear any
> cause or claim by or on behalf of any alien arising
> from the decision or action by the Attorney General to
> . . . execute removal orders against any alien under
> this chapter.

Id. § 1252(g).  As several other judges within this Circuit have observed, these provisions deprive this court of jurisdiction "to entertain a challenge to a removal order or to the execution of a removal order," De Gonzalez v. Holder, No. 12-cv-11539, 2012 WL 3610958, *1 (D. Mass. Aug. 20, 2012), or even "to stay a final order of removal," Alves Da Cruz v. Riordan, No. 11-cv-10818, 2011 WL 1793381, *2 (D. Mass. May 11, 2011); see also Tejada v. Cabral, 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("One thing the REAL ID Act certainly did do . . . was emphatically to declare that this Court was not in any way to impede orders of removal.").  They do not, however, "preclude habeas review over challenges to detention that are independent of challenges to removal orders." Hernandez v. Gonzales, 424 F.3d 42, 42 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005)).

Though presented as a challenge to his detention, Ngeth's habeas petition is not "independent of" his challenges to the removal order entered against him.  As Ngeth's counsel conceded

3

in an ex parte telephone conference with the court, the sole reason for his detention is the existence of the removal order. Indeed, Ngeth's claims in essence argue that because of alleged infirmities in the process by which the removal order was entered, the order itself should be invalidated, thus precluding ICE from legally detaining him.  That is just the type of argument that this court has no jurisdiction to entertain.  See De Gonzalez, 2012 WL 3610958 at *1.

As the court noted in De Gonzalez, however, upon determining that it lacks jurisdiction over a matter, "including a petition for review of administrative action"--which is, in this court's view, the proper characterization of Ngeth's petition for writ of habeas corpus--"the court shall, if is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."  28 U.S.C. § 1631; see De Gonzalez, 2012 WL 3610958 at *1.  Because the court believes the issues presented in Ngeth's petition and motion warrant immediate attention by the Court of Appeals, which, as already discussed, has "sole and exclusive" jurisdiction to address those filings, 8 U.S.C. § 1252(a)(5), it will transfer Ngeth's entire action to that court.

4

For the foregoing reasons, the clerk shall transfer this action to the United States Court of Appeals for the First Circuit, and close the case here.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: September 11, 2012

cc: Melanie Marie Chaput, Esq.